May it please the Court, good morning. My name is Theresa McLaughlin and I represent the Commissioner. So we have two issues. One is appealability and the other is the scope of the taxpayer's ability to elect out. And I would like to address both, but I think jurisdiction comes first. So this order of the Tax Court dismissed the taxpayers from the partnership proceeding, but only in their capacity as indirect partners. They were also direct partners in this same partnership. And the Court ordered the tax matters partner of the partnership substituted for them in their stead. And I think this order is the first of its kind ever entered, and there's doubt as to appellate jurisdiction. I know this is incredibly complicated, and I'd like to leap ahead to a sort of final issue. So if we say that, in fact, this isn't an appealable order under Brooks or under some of our other cases, but the Tax Court at the end of the day says, no, the Gregory's can't be, no taxes can be imposed on them, can you then appeal this interim dismissal of them as direct partners? I mean, isn't that interim order, if we say that's an interlocutory order, then just pulled along into the final order and you could appeal it at that point? If it were appealable, as long as it's not appealable now, it wouldn't be appealable. So if we say it's not appealable now, you can appeal it at the end of the case. Yeah, and that is one thing that would really need to be established, because the commissioner's just worried about the loss of appeal rights. There's around $32 million in adjustments at stake here, so that's on the order of about $10 million in tax. So in filing the notice of appeal, the commissioner was doing so out of an abundance of caution, just to avoid the loss of his appeal rights. And it's never been litigated whether an order of this particular type is final. But if it turns out that it's not appealable now, but the court thinks that it would be appealable at the end, then we would be happy. As long as the commissioner doesn't lose the right of appeal of this ruling that says that a partner holding a number of types of interest in a partnership can elect out solely as to his interest as an indirect partner, we would like to be able to preserve our right to appeal that. But here, just to make it clearer, couldn't the tax court still find the taxpayers liable if it finds they had a direct interest at the time of the sale? Well, I think it's not disputed that they still had a direct interest. What's still up in the air is, were the adjustments purely attributable to the interest that they held as indirect partners? And at the time of the transaction, were they just ñ well, I guess, were they just indirect partners? Well, I mean, the tax court said in a sort of something very ambiguous, like, well, if they were direct partners at any point during the year, then they could potentially have liability. So it seemed like the tax court was keeping all of those issues open. Isn't that right? Well, yeah, there are indications that the court was leaving some things up in the air for the determination that he talked about loose ends, and he talked about ñ and he left some wiggle room on whether the adjustments really did purely relate to their interest as indirect partners, and were they simply indirect partners at the time the transaction, the contested transaction was entered into. But there's other language that ñ well, even the language about tying up loose ends, if you read some of the law out there on practical finality, if what remains to be done is considered ministerial, then an order might be considered final. But how can it be ministerial in this case? I mean, so you lost on the bifurcation issue before the tax court, which I guess can be preserved for appeal if this is an interlocutory order. But then the court said, first, it still needs to consider the merits of the liability of the direct partners. I guess that's JTR or LLC and the other one. But then it also says, well, you know, the Gregory's possibly could still be liable. It says, even though the Gregory's may well be able to prove that they were no longer direct partners by the time they got the FPAA, or even by the end of 2000, Section 226C1 tells us to treat as a party any partner who was a partner in such a partnership at any time during such a year. And at least based on the record, it seemed like they were a partner at some time during the year. So it seems like the tax court was specifically holding open a determination on the merits of whether the Gregory's could have liability even though you lost on the bifurcation issue, even though they were dismissed as direct partners. There is some flexibility. There's some doubt in the tax court's order. It said at one point, it said, well, as a practical matter,  if they really are due to the indirect interests, then. But all we're trying to do is not lose out. And the taxpayers think that this order is actually final and appealable now under the practical finality doctrine. So it would have been disputed had we waited until the end, to file a notice of appeal out of prudence just not to let these adjustments slip away. This is why we filed a notice of appeal. But we agree that there is doubt. So unless the court has any more questions about the jurisdictional issue, I would like to address the merits in the event that this court were to get, that there is jurisdiction now and reach the merits. The question whether a partner who has a right to elect out, if the commissioner does not send him a timely notice of beginning of administrative proceeding at least 120 days before sending out the notice of final partnership adjustment, then the taxpayer has the right to elect out of the partnership proceeding. And what happens is that his partnership items are converted into nonpartnership items that can be determined in a regular deficiency proceeding rather than in a unified partnership proceeding. And we submit that this ability to elect out is really an all or nothing proposition. And we think that it's the tax court decided that they could exercise this right but only as to their interest as indirect partners. But we think that there's basically four reasons why that is erroneous. The first is that it's against the most natural reading of the statutory language. Second, it's inconsistent with what the legislative history says. It's also inconsistent, third, with the Treasury regulations, and fourth, we think it's also unsound as a matter of policy. Now, beginning with the language of the statute on the election rights says, in the event this notice isn't timely mailed, the partner shall be a party to the proceeding unless such partner elects, and then there's some language I'm skipping, to have the partnership items of the partner for the partnership taxable year to which the proceeding relates, treated as non-partnership items. And we think the use of the definite article, the, rather than the use of some partnership items or designated partnership items, suggests that if you're going to make this election, it's going to be the whole ball of wax and relate to all of your partnership items. And the conference report. I'm sorry, could you address, I mean, the tax court, you went through the same arguments with the tax court. The tax court looked at two specific places in the regulation which said, recognize the possibility of treating different partnership interests held by the same person differently, and then lists two examples it found persuasive, and then specifically refers to the second example, which I guess is section 301.6224C-2TA. Why was the tax court wrong in saying that that was pretty much dispositive of that issue and relying on that? Well, okay, so Your Honor is referring to the situation where there are regulations on when indirect partners are bound by settlements entered into by pass-through partners. And it turns on whether the indirect partner is identified. And as long as the indirect partner is identified, they are not bound unless they hold less than a 1% profits interest in the partnership. And the reason that, there's two reasons why this situation is dissimilar. First, when deciding who's bound by a settlement doesn't create another judicial proceeding. It's just who is bound by, what indirect partners are bound by a pass-through partners or a tax matters partners decision to settle. But if the same person or party can have their indirect hat on and their direct hat on, and the regulations acknowledge that you could settle in one capacity and not in the other, even though this isn't a settlement case, doesn't that say that partners don't have to act uniformly in all of their roles? Well, but the pass-through partner is, first of all, the indirect partner is being bound by the decision of the pass-through partner through which it holds the partnership interest. So there's no, the pass-through partner is making one decision, and it's simply a question of whether the indirect partner is bound by that. And so the inconsistency where a pass-through partner decides to settle, but the taxpayer decides, doesn't take the same offer, is different because it's, the inconsistency is due to the decision of an intervening party, the pass-through partner. It's not like the indirect partner and the direct partner, who is the same person, is making inconsistent elections. It's purely because the pass-through partner, whose decision is binding, has made a different decision. The taxpayers here are, rather than being bound by an intervening partner's decision, they are seizing the reins here to make inconsistent decisions for themselves. So they're charting their own course. So you're saying that on a case-by-case basis, you decide whether a direct and indirect partner can take different positions? Is that what you're saying? No, I think it's always an all-or-nothing proposition, but... But what about the example you just gave? You said, well, if he's an intervening party, then you can be inconsistent. The inconsistency is due to the decision of the pass-through partner, whose decision binds the indirect partner. So it's the decision of another person that is inconsistent and happens to be binding on the indirect partner. Here, what they're trying to do is, they're making two decisions in the settlement situation. They're holding an interest as direct partner. They're not taking the settlement offer. But the pass-through partner decides, I'm settling, and because the commissioner doesn't have their address as an indirect partner or they have too tiny an interest in the partnership, they're being bound by the intermediate partnerships, the pass-through entity's decision. So it's the decision of another person that is inconsistent. And they're just simply bound by that. So we think that the opt-out election has to be, really ought to be an all-or-nothing proposition in each case and that any other result is really inconsistent with the policy of the partnership provisions, which is to get everything done to the extent possible in a unified partnership proceeding. And even the tax court acknowledged that, you know, he said at a very generalized level, this decision does thwart that goal. And allowing this kind of partial election out would result in, would necessitate administrative and judicial time to sort out what items are affected by this decision to opt out but only partially. So the courts, the commissioner and the courts would have to decide which of the partnership items are affected by this decision, what stays in the partnership proceeding, and what is converted into non-partnership items that are decided in a regular deficiency proceeding. So they have to go down the same road together. And the tax court actually, the thing, the loose end that may make this order interlocutory and not appealable now is that very decision, which of the partnership items are affected, and is the case really over? Did these adjustments all relate to the indirect interest, something the taxpayers contend the commissioner really, you know, recognizes? So it sort of creates, in an already complicated situation,  So we think that the decision was erroneous. Unless the Court has any questions, I'd like to save the rest of my time. Well, you're over, Karen. You're over. Yes. Oh, I'm sorry.  Good morning, Your Honor. Richard Firmason for the appellee. I apologize for not being here at 8 o'clock. I did not actually get that phone call. Oh, that's all right. I was drinking bad coffee over at the Sheraton. We didn't miss you. All right. I think one of the things that really needs to be brought to the forefront here is what we like to call the collective failures in our briefs, and that is the failure to issue that NBAP, or that Notice of Beginning Partnership Administrative Proceeding. That's what triggers the right to do the election. In the time it takes us to do this oral argument, in response to that election, the IRS could have issued a statutory notice of deficiency to the individual taxpayers and rendered the whole controversy before the Court today moved. What is required, and the other sort of second failure, is they sort of sent the wrong form letter, or they did send the wrong form letter, basically saying you had the right to elect in. And you only have 45 days to do this. So in that time frame, the taxpayers, out of an abundance of caution, decided to do two elections, electing in as a direct partner, electing out as an indirect partner, sending all those elections to the same IRS office, to the same officer who issued the FPA, or the Partnership Adjustment Notice, which it is in response to. Well, what makes this a decision over which we would have jurisdiction, though? We do believe it's a practical finality, Your Honor. So can you address that? Now, we have a lot of practical finality cases, but our last one, Solis v. Jasmine Hall, seems to say this has to be unique. It really says that Coopers v. Libran really shuts the door on it and sets out a number of factors, including marginal finality, that I'm not clear how they're reached in this case. So maybe you could address the Jasmine v. Solis view of practical finality doctrine. Let me just add to that question. The tax court specifically notes that your clients have not yet proven that they were only indirect partners at the time, quote, the deal was done. That's an excerpt from Record 1819. So why is this a final decision? I'll direct my first response to the subsequent question, and then I'll jump back to the procedural one, Your Honor. At the time this issue arose, I think all the parties from the government, as well as the taxpayer, understood a resolution of this issue would really resolve the case. And that's why we filed a motion, which was later shortened as a motion to strike. And the parties at the time of the initial meeting between the government and the taxpayer's representatives in February of, I believe it was 06, understood the significance of this issue. I think the court understood the significance pursuant to conference calls with the court, and that's why they basically ordered us to file this motion, held an oral hearing on it, and then issued really an opinion on the case that was dispositive of that issue. But the court says it's not dispositive. It doesn't certify the order. It says, well, there's an issue about whether the Gregory's were a partner during the year of 2000. Then it sort of goes back and says, well, it's a practical matter. This probably decides things largely in favor of the original petitioner. It says, well, we're not entering a final decision. And we hold open the possibility that the Gregory's may still have liability. So what are we supposed to make of that? How can we say that that's a final decision when the court expressly does not reach the merits? I would agree with the court that that is an issue that is there that's problematic. And we certainly sympathize with the dilemma the government finds themselves in, that should they not file the appeal, and it's this sort of gray area, wouldn't it be presumable that the taxpayers and the opposing party will be alleging, well, that was a final order, and you've flown the statute on that 90 days to do your appeal. It's a tough call because it's not clearly a summary judgment motion. It's a motion to strike the parties. It's perhaps more akin to in state court filing instead of an answer to a petition, a motion to have a party stricken as not a party to the proceeding. And so it is a difficult type of order to pitch in on whether it's a final order. Now, do you agree with the government that if we were to find that this was an interlocutory order, that at the end of the case, however it might come out, if the government gets an unfavorable ruling, they would be able to appeal the tax court's bifurcation determination and dismissal of the Gregories in their direct partnership role, or would there be some obstacle in the way? I think at some point there's going to have to be this argument, this fundamental argument that in a sense we keyed up in the tax court first, which is who's going to be bound by the result. If the Gregories are not in fact bound by the result and there's only direct partners that are other entities out there but against which no tax obligation is going to be enforced, then does that proceeding really matter at that point? I think that's why the tax court agreed. I'm speaking for the court here, I guess, but I think that's why the tax court agreed to place this motion to strike ahead of a coordinated, let's do your motion to strike, let's brief that in conjunction with handling the case. I think clearly the court saw it as, if I dispose of this motion to strike, I'm going to dispose of the case. I concede that until there's a final order, a final decision document, it's always arguable that you haven't resolved anything yet. Okay, thanks. And it is something we've wrestled with here. Did the court have any other questions? Do you want to stipulate that this is not a final order? Wouldn't that assuage the government? Well, you know, it's been two years since the tax court came out with its opinion, two years today as a matter of fact. And I enjoyed re-reading the case in preparation for this hearing. And candidly, you know, there's a certain pride of authorship when you've written all these briefs, all these motions, that you think you really understand the issue. When I read back and read Judge Holmes' opinion, I thought, you know, he's a better writer than I am. He really pigeonholes it, nails it. I mean, you're reading from page 20 of his opinion. That's what I was reading just to relax in the back there because that gave me that sense of, okay, I think I'm seeing the issues correctly here. Will we stipulate to that? You know, we've had a hard time working on stipulations in this issue. I mean, the tax court was bound by once the appeals filed, they couldn't do anything else either. So even if we could stipulate as to the underlying tax issue, what impact that would have and on who, I'm not sure we would have been any quicker to get here. Or will we be back here in another year with the same issue? That's all right. That would, you know, in effect. You got a lot invested in that. It's kind of peculiar to me, as someone who's practiced tax law for 20-some years, that these issues never come up before. And in my way of thinking, it's probably pretty clear, as Judge Holmes was to point out, that, you know, SEFRA is really a structure where there's rules in place. In this case, what happened is by not giving the NBAT, the indirect partners were entitled to make the selection out. We don't think there's any doubt that a single person can have multiple capacities and could elect out in one sense in a direct partnership relationship and maybe not an indirect or whatever the case may be. In this case, we feel the ultimate failure in this case was not what the taxpayers did. It's what the government did. The taxpayers only have 45 days to make this election. The government has one year to issue a staff notice. For the life of me, I'm coming to this hearing and I'm wondering, is this Bill Kankakee out of St. Paul, Minnesota, going to show up and say, here's why I didn't file that staff notice? Because it couldn't have been easier to look at that. You know, it's part of the record. He not only received those elections, he conformed them, stamped them, and returned them. Clearly, the issue was squarely under the notice of the government at that point. I've always been curious, and I may never know the answer, as to why the government did not issue that staff notice within the time permitted pursuant to the rules of TEPRA. With that, I have nothing further to add, Your Honor. Thank you. If the Court would just give me a minute, I'd appreciate it. Sure. Oh, sure. A protective notice of deficiency going the belt and suspenders route is often a very desirable thing to do. It wasn't done here, but it wouldn't obviate a court, either in the partnership proceeding or in the deficiency proceeding, from deciding which is the real proceeding, because there would be inconsistent notices. So one court would have to decide whether the deficiency proceeding was the, you know, whether the conversion to nonpartnership items was effective, or that would have to be done in the partnership proceeding. So it doesn't save judicial time in that respect. And in answer to Judge Ferguson's inquiry about stipulating. Oh, just don't worry about it. Okay. Thank you very much. Okay. These matters are submitted, and we'll recess until what time tomorrow? 9.30. 9.30 tomorrow morning.
judges: Pregerson, Nelson D. W., Ikuta